IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00042-RLV
(5:06-CR-00022-RLV-DSC-18)

THOMAS JOSEPH ISBELL,                    )
                                         )
            Petitioner,                  )
                                         )
        v.                               )
                                         )          **ORDER**
UNITED STATES OF AMERICA,                )
                                         )
            Respondent.                  )
_____      )

**THIS MATTER** is before the Court on a review of Petitioner's motion for

reconsideration. (Doc. No. 23).

On January 14, 2015, this Court entered an order denying and dismissing Petitioner's

motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. (5:12-

CV-00042, Doc. No. 21: Order). In one of his grounds for relief in the collateral proceeding,

Petitioner claimed that this Court erroneously found that he qualified as a career offender.

Petitioner argued that his 1988 convictions for assault on a law enforcement officer and assault on

a female – which were detailed in the presentence report and for which the Government provided

testimony during sentencing from U.S. Probation Office Caryl Canella – did not qualify as crimes

of violence. See (5:06-CR-00022, Doc. No. 774: Presentence Report (PSR) ¶ 52; see also Doc. No.

869: Sent Tr. at 13-16 (testimony of federal probation officer, Caryl Canella)).[1] In his motion for

reconsideration he renews this challenge and his challenge that his trial counsel was ineffective in

not properly challenging the convictions.

_____

[1] The probation officer testified that her review of the state court records and relevant law demonstrated that each of
the 1988 offenses was punishable by a maximum of two years in prison.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In the present case, Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motions do not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. See also Stone v. Powell, 425 U.S. 465 (1976) (providing that relief under the provisions of § 2255 is generally limited to errors that are constitutional in nature). Because Petitioner received a sentence of 262-months that is within the statutory maximum of life imprisonment – with our without the career offender designation – he cannot make the requisite showing that he is entitled to relief.

Rather, Petitioner is simply renewing his challenge to this Court's ruling that he qualified as a career offender with such ruling being made after reviewing the PSR and hearing the

2

testimony of U.S. Probation Officer Canella. In sum, this Court weighed the evidence presented and found that the Government's evidence was reliable and credible and Petitioner's effort to renew his challenge to this Court's findings during his sentencing hearing must fail.

Finally, even assuming the career offender designation was erroneous and affected the sentence imposed, Petitioner would still not be entitled to relief in his § 2255 proceeding because the designation did not ultimately affect the lawfulness of Petitioner's sentence. See, e.g., United States v. Foote, ___ F.3d ___, 2015 WL 1883538, at *9-*10 (4th Cir. Apr. 27, 2015) (holding that an erroneous designation as a career offender did not represent "a fundamental defect" resulting in "a complete miscarriage of justice"); Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (holding that misapplication of the Guidelines cannot support a § 2255 claim).

For the foregoing reasons, Petitioner's motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for reconsideration is **DENIED**. (Doc. No. 23).

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel is **DENIED**. (Doc. No. 27).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to notify the Fourth Circuit following the docketing of this Order.

**IT IS SO ORDERED.**

Signed: May 15, 2015

Richard L. Voorhees
United States District Judge